Cockerham v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-146-CR

     DAMON WYNN COCKERHAM,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 92-012-CR
                                                                                                    

O P I N I O N
                                                                                                    

      Damon Cockerham appeals his conviction for aggravated possession with intent to deliver a
controlled substance.


 A jury found Cockerham guilty and assessed punishment at twenty-five
years in prison and a $25,000 fine. We affirm.
      In point one Cockerham contends that the evidence is legally insufficient to sustain his
conviction for possession with intent to deliver a controlled substance. In reviewing the legal
sufficiency of the evidence, we must determine whether, after viewing the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.


 Specifically, Cockerham contends that there is no evidence
that he had the intent to deliver cocaine.
      Monte Posse, a highway patrol officer with the Texas Department of Public Safety, testified
that he found a kilogram of cocaine in a package inside a purse that was in a suitcase in the trunk
of the car driven by Cockerham. Henry Amen, a chemist with the Department of Public Safety,
identified the controlled substance as 1000 grams of cocaine hydrochloride, from which crack
cocaine is made. Don Sylvest, a deputy with the Freestone County Sheriff's Department, testified
that a normal amount of cocaine sold for personal use is one gram. According to Sylvest, based
on his training and experience as an undercover narcotics officer, in his opinion 1000 grams of
cocaine would not be for personal use, but for resale. Sylvest also testified that the street value
of one kilogram of cocaine was between $17,000 and $20,000 dollars, but that diluted and sold
by the gram it would bring $200,000 on the street.
      Intent to deliver can be inferred from the quantity of the drugs possessed.


 Furthermore, the
Houston Court of Appeals has previously held that possession of 1000 grams of cocaine was
sufficient evidence to infer that possession was with the intent to deliver.


 Viewing the evidence
in the light most favorable to the verdict, we conclude that any rational trier of fact could have
found, beyond a reasonable doubt, that Cockerham possessed the cocaine with the intent to
deliver. Accordingly, we overrule point of error one.
      In point two Cockerham contends that the trial court erred in overruling his objection that the
charge to the jury lacked an instruction on unlawful arrest. When a fact issue is raised regarding
the legality of an arrest, the defendant has a statutory right to have the jury instructed
accordingly.


 However, Cockerham fails to include any argument and authorities or references
to the record under this point suggesting how a fact issue has been raised regarding the legality
of his arrest.


 The uncontroverted evidence indicates that Posse arrested Cockerham for
possession of cocaine after discovering the controlled substance in a suitcase which Cockerham
claimed as his own. As a result, the arrest was legal as a warrantless arrest for an offense
committed within the officer's view.


 Because Cockerham failed to raise a fact issue regarding
the legality of his arrest, the court properly overruled his objection.


 Therefore, we overrule point
of error two.
      In point three Cockerham contends that the trial court erred in denying his motion to suppress
evidence obtained as a result of Posse's search of the vehicle driven by Cockerham. Posse
testified that the initial stop was made to investigate two traffic violations—speeding and illegal
tinting of windows. Posse also testified that he asked for permission to search the vehicle because
Cockerham was driving a very expensive vehicle that he did not own, his hands shook noticeably
when he handed the insurance papers to him, he offered an unsolicited explanation for his traveling
between Houston and Dallas, and he voluntarily disclosed a pending weapons charge against him
in Dallas. Finally, Posse's undisputed testimony was that Cockerham consented to the search. 
Consent to search, freely and voluntarily given, is a recognized exception to the requirement of
both a warrant and probable cause for a valid search.


 Because we find that the trial court did not
abuse its discretion in denying Cockerham's motion to suppress, we overrule point of error three.
      In point four Cockerham contends that the trial court erred in denying his motion for
instructed verdict. In addition to the sufficiency of the evidence issue already addressed in point
one, he also contends under this point that the State failed to prove that the controlled substance
was cocaine. As previously discussed, Henry Amen, a chemist with the Department of Public
Safety, identified the controlled substance as 1000 grams of cocaine hydrochloride, from which
crack cocaine is made. Because, viewed in the light most favorable to the verdict, any rational
trier of fact could have found, beyond a reasonable doubt, that the controlled substance possessed
by Cockerham was cocaine, we conclude that the trial court did not err in denying his motion for
instructed verdict.


 Accordingly, we overrule point of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 11, 1994
Do not publish